HARDY, Judge.
Plaintiff instituted this suit seeking judgment decreeing him to be the owner of a certain described lot of land in the City of Pineville, Rapides Parish, Louisiana, ordering defendant to remove a fence allegedly erected upon plaintiff’s said property, and for damages. After trial there was judgment in plaintiff’s favor decreeing him to be the owner of the property described, ordering defendant to remove the fence and granting plaintiff damages in *92 the sum of $250, from which judgment defendant has appealed.. Plaintiff has answered the appeal, praying that the judgment be amended by increasing the damages to the sum of $500, together with the further sum of $250 as attorney’s fees, and for 10% penalty by reason of the frivolous nature of defendant’s appeal.
Most of the material facts involved in the case' have beeii established without dispute. Plaintiff is the owner of Lot “C” of the Survey of Lots 5, 6 and 7 of Block 8 of the College Addition to the Town of Pineville, Louisiana, fronting 44.5 feet on Byron Street and extending back therefrom between parallel lines a distance of 150 feet. Defendant is the owner of property described as- Lot 7 of Block 3 of the Ware Addition to the City of Pineville, which has a frontage of 55.8 feet on Ware Street and a depth of 130 feet. Ball Street is adjacent to the east line of defendant’s lot and dead-ends at an extension of the rear line of said lot. For a distance of 10.05 feet the rear line of plaintiff’s lot adjoins Ball Street which, therefore, provided ingress and egress to the rear of plaintiff’s lot, on which was located a dwelling house which plaintiff customarily rented. On or about September 3, 1953 defendant erected a fence which not only enclosed that portion of Ball Street providing entrance into the rear of plaintiff’s lot but also allegedly extended across the entire rear portion of plaintiff’s property, encroaching thereon to a depth varying from two to three feet. For this unlawful trespass plaintiff seeks redress in this suit.
In this court defendant has filed exceptions of no right and cause of action and a plea of estoppel, to the disposition of which we address ourselves before proceeding to .a consideration of the merits. The exceptions and the plea are based upon the same ground, that is, that plaintiff’s action is, in reality, an action of boundary governed by Articles 833 et seq. of the LSA-Civil .Code with the mandatory provisions of which plaintiff has not complied.' We do not find ourselves-in agreement with this position for the facts are clearly at variance therewith. Plaintiff is not here seeking the fixing and establishment of a boundary and there is nothing in the allegations or prayer of his petition which so indicates, but plaintiff sets up his ownership of said described property and prays to be confirmed therein. .The relief which is sought by way of removal of the fence 'and the award of damages is only incidental to plaintiff’s main purpose. Since these facts, in our minds, clearly differentiate the action from one of boundary, it follows that the exceptions and plea of es-toppel should be and accordingly they are overruled.
At the beginning of trial on the merits the following stipulation was entered in the record by counsel for defendant:
“Yes, I’m willing to stipulate that the fence on the side of his house, has taken in a part of Ball Street, which is a dedicated street to the City of Pineville, and that he is willing and ready to remove that. He has been notified by the surveyor-that he is in the street and that he is willing and ready to move that fence and he is also willing to raise and move that sway from his fence in the back, which comes over, according to our stipulation, about two feet. In other words to fix his fence straight, I’d like to have that in the stipulation.”
From the testimony of defendant it appears that while he may have been in good faith as to his intention to run a fence along the back line of his lot, he was clearly aware of the fact that he was fencing in a portion of a dedicated street and this in such manner as to obviously cause inconveniences to plaintiff and his tenants.
We think it is clear that the only question presented by this appeal, aside from the claim of damages, involves a determination as to whether the fence erected by defendant encroaches upon plaintiff’s property and, if so, to what extent. Although. defendant’s, answer denied plaintiff’s allegation of title to the property described, -no real contention is made on *93 this point and there remains no possible question as to the establishment -thereof. Plaintiff caused a survey of his lot to be made, after the erection of the fence by defendant, by Mr. Irion Lafargue, who testified on trial that he used as the starting point of his survey an authentic concrete monument which was established at the time of the platting and subdivision of the College Hill Addition. From this point Mr. Lafargue worked out the lines of plaintiff’s lot, which he found accorded with the streets, other improvements and other property lines in said subdivision. In connection with the testimony of this witness a plat of the survey was introduced and filed in evidence.
The Lafargue survey was conformed and substantiated by another survey made by Mr. Claude E. McMath, who also appeared as a witness on the trial of the case.
According to the testimony of these two expert witnesses the fence. erected by defendant encroached on the rear of plaintiff’s property for a distance varying from 2.2 feet on the southwest corner to a distance of 3 feet on the southeast corner thereof.
As opposed to the plaintiff’s contentions defendant relied upon the testimony of another qualified surveyor, Mr. Louis J. Daigre, Jr. This witness testified that he found the fence to correspond to the property lines at each corner but that it bulged or swayed out onto plaintiff’s property for a distance of approximately one foot at the center. This witness did not check his survey with any original monuments or markers of the College Hill Addition but relied upon corner stakes of different lots within the subdivision. In his well-reasoned written opinion the district judge called attention to the fact that reliance upon corner stakes of subdivision lots placed by different surveyors at different times without checking against original subdivision monuments would lead to a state of utter confusion.
We are completely in accord with the finding of our brother below that the testimony of the expert surveyors definitely and convincingly preponderates in favor of plaintiff’s contention.
On the issue of damages the district judge correctly disallowed plaintiff’s claims for attorney’s fees on the authority of Miller v. Welch, La.App., 66 So.2d 25, and Meraux & Nunez v. Gaidry, 171 La. 852, 132 So. 401. However, the court found as a fact that “the defendant in effect admitted on the witness stand that he knew the fence encroached on Ball Street and that it would deny plaintiff access thereto and of necessity defendant knew that it would cause plaintiff inconvenience and probable damage.” Further, commenting upon plaintiff’s testimony that the rent house on the rear of his l<?t remained vacant for a period of approximately 3^ months, causing a loss of rental of some $60 per month,1 and recognizing the serious inconvenience to plaintiff arising from the illegal and unwarranted action of defendant the judge established the extent of the damages in the sum of $250. Under the circumstances we cannot conclude that this award was either inadequate or excessive.
For the reasons assigned it is ordered, adjudged and decreed that the plaintiff, Francis W. Benedict, be and he is hereby recognized as the owner of that certain property described as follows:
“A certain piece, parcel, or tract of land together with all buildings and improvements located thereon being, lying and situated in the City of Pine-ville, Parish of Rapides, State of Louisiana and being described as Lot ‘C’ of the survey of Lots 5, 6 and 7 of Block, 8 of College Hill Addition to the City of Pineville, Louisiana. The said Lot ‘C’ having a front of 44.5' on Byron Street and extending back therefrom between parallel lines a distance of 150'' all as is more particularly shown on that certain survey a blue print whereof being annexed to and made a part of deed dated June 2, 1943, from L. B. Gremillion, Jr. to Mrs. Marjorie Simmons recorded on June 2, 1943 in Conveyance Book 275, page *94 581 of the records of Rapides Parish, Louisiana, being the said - identical property acquired by the vendor herein from Mrs. Marjorie Simmons et al. by deed dated January 11, 1945 and recorded in Conveyance Book 294 page 261 of the records of Rapides Parish, Louisiana”,
and the judgment appealed from is affirmed at appellant’s cost.