LOTTINGER, Judge.
This is a suit by Star Electric Supply, Inc., as petitioner, against J. L. Sheppard, Glenn Wilson and Sheppard Electric Company, Inc., (hereinafter referred to as Sheppard Company) as defendants on open account. The Lower Court granted a judgment in favor of plaintiff and against Glenn Wilson and Sheppard Electric Company, Inc., in solido, and dismissed the suit as against Jessie L. Sheppard. Defendant, J. L. Sheppard has appealed, and the petitioner has answered his appeal.
The petition alleges that between the dates of April 23, 1968, and June 19, 1968, petitioner sold and delivered to defendants certain goods, wares and merchandise on open account at prices totaling the sum of $3,148.14. It claims that the defendants are liable in solido on said open account and caused a writ of attachment to issue wherein certain property was attached by the sheriff.
Defendant, Jessie L. Sheppard, first filed a motion to dissolve the attachment on the grounds that the property seized belonged to him personally and not to the Sheppard Company, and then filed answer which was to the effect that the open account was the obligation of Sheppard Company and asked for the dissolution of the writ of attachment and for judgment dismissing the claim as against him.
In said answer Sheppard admitted that Glenn Wilson entered into a contract with Sheppard Company and became a shareholder of same whereby he would become the Superintendent, who would obtain various electrical jobs and do all the work and purchasing of materials for Sheppard Company. Said answer further alleges that Wilson had the right to paint a sign on his truck in the name of the Company and that at no time was work to be obtained, materials bought, and employees employed other than in the name of the Company. The answer further alleges that Wilson did obtain a number of electrical jobs, purchase mate *623 rials, receive payment for the work and then did not pay for the materials.
No answer was filed by Sheppard Company, nor by Glenn Wilson.
Following the trial on the merits below, the Lower Court gave a judgment in favor of petitioner and against the defendants, Sheppard Company and Glenn Wilson, in solido in the amount of the demand. The writ of attachment as against the property seized was maintained by the Lower Court. Defendant, J. L. Sheppard appealed maintaining that the electrical equipment which was seized under the writ of attachment is his personal property and does not belong to the Sheppard Company and that, therefore, the attachment should be dissolved. The petitioner has answered the appeal claiming that J. L. Sheppard is individually liable on the account sued upon. Neither Sheppard Company nor Wilson have appealed nor answered the appeal.
In its oral reasons for judgment, the Lower Court said:
“The court is going to deny the claim against Jessie L. Sheppard, individually, and the court will make these observations as part of my reasons for judgment. Mr. Corrado, who was secretary-treasurer of Star and who handled this transaction, was told by Mr. Glenn Wilson that he would be doing business as Sheppard Electric Company and he said the name Sheppard Electric Company figured into it, hut he didn’t bother to check to see whether Sheppard Electric was incorporated or an individual doing business as Sheppard Electric. The evidence indicates that Mr. Jessie L. Sheppard was an electrical contractor for many years and that he did business as Sheppard Electric Company which was a corporation when he was doing electrical contracting; in other words, the Star people were relying on whoever Sheppard Electric Company was and it turns out Sheppard Electric Company was a mostly dormant, an electrical company that was incorporated in 1936. Mr. Cor-rado made a credit check on Mr. Wilson and he was buying stock or buying a part ownership into this company. There is no indication whatsoever from this record and from this evidence that Mr. Jessie L. Sheppard, individually, did any business in the electrical contracting field, or that there was any reason to assume that he was doing any individually. * * *
The court is going to deny the motion to dissolve the writ of attachment, for the very same reasons I stated before, that Mr. Sheppard, in buying from wholesalers for electrical equipment, had been doing business in the past as a corporation and that I feel it is the logical inference that the bank did assume, when Mr. Sheppard goes to borrow money to buy electrical equipment, that he was buying it in whatever and for whatever purpose that he always bought electrical supplies. This letter, P-1, indicates that the Sheppard Electric Company owned these items. I feel sure that anyone doing business with Mr. Sheppard for electrical equipment or dealing with electricity in any way, electrical supplies or anything else, would assume they were doing business with Sheppard Electric Company. The evidence also indicates that, although Mr. Sheppard apparently was not active for many years actually going on and getting contracts and doing business any more as an electrical contractor and that therefore, that the corporation was mostly dormant, but that he permitted Mr. Wilson to use the name Sheppard Electric Company off and on for several years whenever Mr. Wilson was contracting. In fact, D-l indicates Mr. Wilson was going to become a part owner of Sheppard Electric Company, Incorporated, or shareholder. This court’s ruling is that this property, from the evidence indicated here in this record, is the property of Sheppard Electric Company and, therefore, will deny the motion to dissolve writ of attachment.”
*624 Now the record discloses that J. L. Sheppard had done no electrical business either in his own name as an individual or under the company name for a number of years prior to 1968. As admitted in Mr. Sheppard’s answer, on December 9, 1967, as amended by agreement dated January 20, 1968, Jessie L. Sheppard and Glenn W. Wilson entered into an agreement wherein it was stated that the truck being used in the operation of the business was in the name of Glenn W. Wilson although a sign on the sides of the said truck showed the name Sheppard Electric Company and the public liability insurance on said truck was to be in the name of Glenn W. Wilson. The agreement further provided that the “ * * * ij0nd required by the City-Parish will be obtained by the said Wilson and the premium on same to be paid by him. (Electrical Bond).” The agreement further provided that any and all permits obtained in the progress of the business must be approved by Jessie L. Sheppard and stamped by him as “Limited” thus meaning that the said jobs were to be assured of being within the means and capabilities of Glenn W. Wilson to initiate and complete in the proper manner. The evidence reflects that the agreement was further to the effect that Wilson was buying into the corporation styled Sheppard Electric Company, Inc.
All the negotiations on the account sued upon was between the petitioner and Mr. Wilson. No contact, conversation nor negotiation was ever had between Jessie L. Sheppard and petitioner, although petitioner’s representatives did claim that they knew of the name of Sheppard Company which had a good credit rating.
Mr. Corrado testified that at one time during their dealings he spoke to Mr. Wilson and Mr. Wilson paid $1,000.00 on the account on a check drawn on Sheppard Company and signed by Mr. Wilson. The petitioner contends that an undisclosed contract was entered into between J. L. Sheppard as owner and Glenn Wilson as agent or “Manager” for Sheppard Company. Accordingly, they take the position that the well settled jurisprudence of this State is that an undisclosed contract between principal and agent shall have no effect on third parties and that personal liability attaches to the principal when his agent, clothed with “Apparent Authority” enters into obligations in furtherance of the business which the principal may not in fact have authorized.
The Lower Court found that there was no such undisclosed agency which existed between Wilson and Mr. Sheppard, individually, although it did find that Mr. Wilson was acting as the agency of Sheppard Company. Accordingly, the Lower Court held Wilson and Sheppard Company liable in solido for the open account claimed by petitioner.
We believe that the Lower Court was correct in so holding as we find nothing in the record that indicates that any agency existed between Mr. Sheppard as an individual and Mr. Wilson, although the record did disclose that Mr. Glenn Wilson was working as an agent or manager for Sheppard Company. The record indicates that Mr. Sheppard neither individually, or as a representative of his company, ever did any business with the petitioner and, although the petitioner did claim that it did know of the credit standing of Sheppard in the community, it made no special credit investigation at the time of opening the account either as to the individual Mr. Sheppard or the company. It appears that they relied entirely on the representations of Mr. Wilson to the effect that he was the manager of the Sheppard Company and was buying into the business. Evidently, according to the record, this was entirely satisfactory with the petitioner until the bankruptcy of Mr. Wilson.
Neither are we impressed with the argument on the part of defendant, Mr. Sheppard, to the effect that the merchandise which he had purchased and which was seized under writ of attachment belonged *625 to him as an individual rather than to his corporation. On July 24, 1968, a letter was sent out under the letterhead of Sheppard Company requesting certain individuals to make bids for the purchase of the electrical supplies which they had on hand. This letter was signed by J. E. Sheppard as owner of Sheppard Company. It is claimed on behalf of Mr. Sheppard that this letter was sent out by mistake, and that his daughter sent this out while he was ill. Nonetheless, it bears his signature and we fail to find any error on the part of the Lower Court in holding that the equipment belonged to the company.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by appellant, J. L. Sheppard.
Judgment affirmed.