347 So.2d 316 (1977)
Michael P. SMITH
v.
Terry MOORE and Wilson P. Abraham, d/b/a Superstar Productions, Inc.
No. 8171.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1977.
*317 Chaffe, McCall, Phillips, Toler & Sarpy, Gerald Wasserman, New Orleans, for plaintiff-appellee.
Steeg & O'Connor, Moise S. Steeg, Jr., Edwin O. Schlesinger, New Orleans, for defendants-appellants.
Before SAMUEL, STOULIG and MORIAL, JJ.
MORIAL, Judge.
Plaintiff, Michael P. Smith, filed this suit against defendants Wilson P. Abraham, d/b/a Superstar Productions, Inc. and Terry Moore to recover an amount due for photographic services rendered in connection with a country and western concert held in the Superdome on October 3, 1975. Defendant Abraham filed exceptions of no right or cause of action, answered in the form of a general denial and filed a third party petition against Terry Moore. Defendant Moore did not make an appearance.
The trial judge rendered judgment in favor of plaintiff and against defendants Abraham and Moore in the amount of $999.00. He also dismissed defendant Abraham's third party petition against Moore. Defendant Abraham has appealed from the judgment.
Plaintiff Smith, a professional photographer was contacted about doing some work for the concert by Cheryl Schoultz, the secretary of Chuck Eastman, the director of the show. Plaintiff was employed by Superstar Productions, Inc., the company putting on the concert through its producer, Terry Moore and its director Eastman. Plaintiff stated that he believed Superstar Productions, Inc. was an existing corporation qualified to do business in Louisiana of which the principal officers were Wilson P. Abraham and Terry Moore. However, it was stipulated at trial that Superstar was not a corporation qualified to do business in Louisiana. Plaintiff was told by Moore and Eastman that Abraham was the financial backer of the show and was responsible for paying plaintiff for his services. Plaintiff testified that he believed that the two were acting as agents of Abraham individually. Plaintiff took photographs for publication during the week prior to the concert and covered the show extensively on the night of the performance. He had no contact with Abraham prior to the performance and first met him when he presented a bill to defendant a few days after the concert took place. Plaintiff admitted that Abraham seemed surprised when he presented him with the bill but was told that the matter would be discussed with Ms. Moore and worked out. Plaintiff testified that defendant assured him he would be paid but that he has never received payment for his work.
Defendant Abraham testified that he conducts the majority of his business through the Wilson P. Abraham Construction Corporation and that he had agreed on behalf of the corporation to finance the production of two shows by Superstar Productions, Inc. He stated that at no time did he do business individually with Superstar nor did he bind himself personally to pay any of the expenses of the show. Abraham said that Ms. Moore was paid a flat fee by the corporation to find acts and material for the show. Defendants' counsel introduced cancelled checks showing that Ms. Moore was paid by checks drawn on the corporate account. Abraham explained that Ms. Moore had no authority to enter into contracts with the performers and that his signature on behalf of the corporation was necessary to the execution of any performance contracts. Abraham stated that he did not give Ms. Moore the authority to engage the services of a photographer in connection with the show. He testified *318 that he had no use for the photographs and that he believed that Ms. Moore wanted the pictures for her own publicity purposes.
Cheryl Schoultz, the secretary to the director of the show was the only other witness to testify. She stated that her boss's salary was paid by checks drawn on the account of Wilson P. Abraham Construction Corporation.
Based on the above evidence we find that the trial court erred in failing to maintain defendant Abraham's exception of no cause of action and reverse the judgment below.
It is well established that a corporation has a separate and distinct existence apart from its stockholders and officers, and in the absence of fraud, the liability of a corporation is not the liability of the shareholders or the officers thereof. See LSA-C.C. Articles 435, 437; LSA-R.S. 12:93(B). Lushute v. Diesi, 343 So.2d 1132 (La.App. 3 Cir. 1977); Kingsman Enterprises, Inc., v. Bakerfield Electric Company, Inc., 339 So.2d 1280 (La.App. 1 Cir. 1976).
It is clear from the record that the parties involved with Superstar Productions, Inc. were transacting business with the Wilson P. Abraham Construction Corporation and not dealing with Mr. Abraham on an individual basis. We need not reach the issue as to whether or not defendant Moore was acting within the scope of her authority as an agent for the Wilson P. Abraham Construction Corporation since the corporate entity was not made a party to this suit. See Star Electric Supply, Inc. v. Sheppard Electric Company, Inc., 236 So.2d 621 (La.App. 1 Cir. 1970).
For the foregoing reasons the judgment of the trial court is reversed as to defendant Wilson P. Abraham and affirmed as to defendant Terry Moore. Plaintiff is to pay all costs.
REVERSED IN PART; AFFIRMED IN PART.