357 So.2d 1364 (1978)
CITY STORES COMPANY
v.
NEI CORPORATION et al.
No. 8949.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Guste, Barnett & Shushan, Sidney L. Shushan, New Orleans, for plaintiff-appellant.
Montgomery, Barnett, Brown & Read, Daniel Lund, Omer F. Kuebel, Jr., Richard B. Montgomery, III, New Orleans, for defendants-appellees, NEI Corp., The Plaza in Lake Forest, Inc., Rockwood Nat. Corp., James E. Townsend, William G. Dillon, William E. McKenna, Richard B. Montgomery, Jr., William B. Robbins, Seymour J. Sindeband, Thomas A. Silvestri, Gerald Morris, William Kohler, Howard F. Beck and Martin Karnoff.
Edward J. Castaing, Jr., New Orleans, for defendants-appellees, Frank L. True, Jr. and Elliott M. Wiener.
Hammett, Leake, Hammett, Hulse & Nelson, Robert E. Leake, Jr., New Orleans, for defendants-appellees, Norman P. Zucker, Sanford M. Gaynor, Lawrence I. Seigel and Clovis H. Steib, Jr.
Before GULOTTA, STOULIG and BOUTALL, JJ.
GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing its suit on exceptions of no cause of action. We reverse, concluding that the petition states a cause of action against three corporate defendants.
In May, 1960, plaintiff, City Stores Company, entered into a 25-year commercial *1365 lease with the owners of premises in the Gentilly Woods Shopping Center and commenced operation of a Maison Blanche department store. In March, 1972, with the approval of the lessor, plaintiff subsequently assigned the lease to National Equities, Inc. (NEI) in consideration of City Stores' purchase of property in a newly developing shopping center owned by The Plaza in Lake Forest, Inc. (Plaza), a wholly-owned subsidiary of NEI. In the assignment, NEI assumed responsibility for the payment of the monthly rental during the term of the lease. As security for its obligations to assume the Gentilly Woods lease, NEI executed a "Security Agreement" whereby 1,000 shares of Plaza stock (the total authorized issue) were pledged to City Stores. The agreement further prohibited 1) any encumbrance or mortgages in excess of $16,000,000.00 on the Plaza Shopping Center real estate and 2) any additional shares of Plaza stock to be issued. The shopping center real estate was sold by Plaza to a third party in March, 1975.
Plaintiff filed this suit in February, 1976, against Rockwood National Corporation (the parent of NEI), NEI, Plaza[1] and a number of individual officers and/or directors of the corporate defendants, Reduced to its simplest terms, the petition seeks 1) damages resulting from NEI's default under the lease assignment by its failure to pay the rent under the lease terms; 2) damages because of defendants' breach of the "Security Agreement" by selling the Plaza Shopping Center real estate in violation of a promise not to sell; 3) damages from the defendants' tortious conversion of the pledged property by selling the real estate and thereby destroying the value of the pledge; 4) recognition of a mortgage or pact de non alienando on the Plaza real estate in favor of plaintiff under the "Security Agreement"; and 5) recognition of the validity of the stock pledge. Attached to the petition were copies of the assignment and assumption of plaintiff's lease by NEI and the "Security Agreement".
In response to the petition, defendants filed various pleadings.[2] The thrust of NEI and Plaza's exception (of no cause of action) is that the "Security Agreement" does not grant a mortgage to plaintiff on the shopping center property or prohibit the sale of Plaza real property and that relief sought based on allegations of unlawful conversion of mortgaged property or unlawful sale of the property state no cause of action. Individual defendants filed exceptions of no cause of action on the ground that the petition unlawfully sought to impose on them personal liability for corporate debts.
In written reasons for judgment maintaining exceptions of no cause of action and dismissing plaintiff's suit in its entirety against all defendants, the trial judge stated that the "Security Agreement" constituted a pledge of stock (not a pledge of real property) and did not create a mortgage on the Plaza real estate or in any way restrict the sale of the shopping center. The judge concluded, under the circumstances, the sale of the Plaza property did not amount to a conversion of the pledged stock.
In the assignment of the lease, NEI assumes City Stores' obligations (under the lease terms) to the lessors of the Gentilly Woods Shopping Center property. The petition alleges default of those obligations by defendant NEI. No allegations with regard to default of the lease assignment agreement are directed against Plaza or the individual officers and directors. However, the petition alleges Rockwood owns substantially all of the NEI stock and Plaza is *1366 a wholly-owned subsidiary of NEI. Based on this stock ownership, plaintiff claims the three corporations are alter egos and as such are liable in solido to plaintiff. Clearly the petition alleges a cause of action against NEI and Rockwood. Because of the alter ego assertion, plaintiff also asserts a cause of action against Plaza on the claimed lease default. Indeed, in its answer to the petition, NEI states that it has ceased paying rent in accordance with the lease assignment agreement and sets forth reasons justifying its action.
Well settled is the rule that for the purposes of an exception of no cause of action all well-pleaded facts in the petition and attachments are considered as true. Also well settled is that the exception of no cause of action must be overruled when the petition states a cause of action as to any ground or portion of the demand. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Sifers v. Exxon Corporation, 338 So.2d 763 (La.App. 4th Cir. 1976). In dismissing plaintiff's suit in its entirety against all defendants, the trial judge erred. Plaintiff has alleged default on the lease agreement by Rockwood, NEI and Plaza. We also note that Rockwood's exceptions of lack of jurisdiction and service of process have not been acted upon by the judge and on remand these exceptions must also be considered.
The trial judge properly maintained the individual corporate officers' exceptions of no cause of action. LSA-C.C. art. 435 provides that corporations are distinct from the persons who compose them. LSA-C.C. art. 437 distinguishes corporate and individual liability.
Art. 437. Corporate and individual liability distinguished
"Art. 437. According to the above rule, what is due to a corporation is not due to any of the individuals who compose it, and vice versa.

"A creditor of a corporation can not therefore compel any of the members thereof to pay what may be due to him by the corporation; he can demand his payment of the corporation only, through their president, syndic or attorney in fact, and he can seize no other effects but such as belong to the corporation, provided the debt has been contracted by the corporation through their president, syndic, or attorney in fact; for if all the individuals who compose the corporation have signed the deed personally, every one of them may be compelled to make payment, either for his individual portion or in solidum, when it has been stipulated expressly that the debt was contracted in solidum."

An exception to this rule is made, however, where fraud is alleged on the part of the corporate officers, directors or shareholders. In such instance, the individual officers and directors are personally liable to those who suffer losses as a result of the fraud. See LSA-R.S. 12:95; Altex Ready-Mixed Concrete Corp. v. Employers Commercial Union Insurance Company, 308 So.2d 889 (La.App. 1st Cir. 1975), writ denied, 312 So.2d 872 (La.1975). By stipulation of counsel on appeal, the parties have agreed that plaintiff "has not alleged and there is not involved in this proceeding any issue of fraud". Accordingly, absent allegations of fraud, the petition states no cause of action against the corporate officers or directors.
Having determined the petition states a cause of action against the corporate defendants, we do not pass on the trial judge's conclusions relating to the "Security Agreement". Suffice it to observe, however, that the allegations of the petition claim indebtedness owed to plaintiff by reason of the corporate defendants' default on the lease. The allegations relating to the "Security Agreement" breach become relevant only if plaintiff proves entitlement to a money judgment against the corporate defendants for breach of the lease obligations. The allegations of the petition relating to the breach of the "Security Agreement" deal with execution of the judgment in the event defendants are cast in judgment because of default on the lease assignment. Any consideration of the issues relating to the alleged breach of the "Security Agreement" is premature until such time as the *1367 primary issue, i. e., the corporate defendants' alleged breach of the lease, is determined. In the final analysis, we conclude the petition alleges a cause of action against the corporate defendants.
Accordingly, the judgment dismissing the petition against the corporate defendants on exceptions of no cause of action is reversed and set aside. The dismissal of the petition on exceptions against the individual officers and directors is affirmed. The matter is remanded for consideration and determination of Rockwood National Corporation's exceptions of lack of jurisdiction and insufficiency of service of process and for trial on the merits not inconsistent with the views expressed herein.
AFFIRMED IN PART; REVERSED IN PART; RENDERED AND REMANDED.
NOTES
[1] The three corporations were alleged to be alter egos.
[2] An exception of no cause or right of action was filed on behalf of 14 individual officers and/or directors. One individual officer filed a motion for summary judgment which was denied and three others filed an exception of lack of jurisdiction.

NEI and Plaza answered the petition on the merits and also filed exceptions of no cause or right of action, peremption and prescription and non-joinder of indispensable parties all with respect to plaintiff's claim for recognition of a mortgage.
Rockwood National Corporation filed exceptions of lack of jurisdiction and insufficiency of service of process.