BEER, Judge.
Plaintiff-appellant, Monahan Bros., Inc., sued Robert Godoro & Associates, Inc. and Robert Godoro, individually, for $1,704 — its charge for printing and mailing services rendered during the period of October 30, 1975 through January 21,1976. Robert Go-doro, individually, filed a general denial, and default judgment was entered against the corporation. Trial on the merits resulted in judgment, from the bench, in favor of the defendant. In oral reasons, the trial court concluded that Godoro was not the individual with whom plaintiff transacted business; that the testimony established that a purchase order bearing the corporate name was sent to plaintiff; that the plaintiff-creditor had, or should have, a duty to investigate the status of its debtors; and that there was no evidentiary basis for piercing the corporate veil. Subsequently filed written reasons refer to the oral reasons noted above.
Plaintiff has instituted a timely devolu-tive appeal alleging that the trial court erred in a) placing the burden of inquiry into corporate status on the creditor; b) relying on testimony rather than documentary evidence of purchase orders, in contravention of the Best Evidence Rule; and c) in giving insufficient weight to the eviden-tiary rule that defendant’s unexplained fail *1316 ure to call material witnesses (defendant’s sales manager and secretary) creates a presumption that the witnesses’ testimony would have been adverse. Appellee’s primary contention is that the corporate identity was sufficiently manifest during the course of all pertinent business dealings.
Godoro denied that he ordered any printing from plaintiff, and plaintiff’s sales manager testified that he spoke to Godoro only once and then in connection with a requested speedy delivery. The sales manager further testified that all of his contacts were with Lynn Nelson, who operated her own commercial art business and did certain work for the corporation, including choosing the printer. Subsequent to Nelson’s selection of a printer, purchase orders were issued by Godoro’s secretary. Pretermit-ting other issues, the record supports affirmation of the trial court’s factual finding that Robert Godoro was not the corporate agent who had direct business dealings with appellant. Thus, there was no basis established which might require him to have made affirmative disclosures of corporate status. Since fraud has been neither alleged nor proved[1] insofar as Godoro’s actions are concerned, we need go no further in our review of the record.
Godoro’s exposure to personal liability depends, we think, on the trial court’s resolution of contested material issues of fact regarding the placing of the printing orders. We cannot conclude, from this record, that the trial court manifestly erred in those critical resolutions, and, accordingly, the judgment is affirmed, at appellant’s cost.
AFFIRMED.

. City Stores Company v. N E I Corporation, 357 So.2d 1364 (La.App. 4th Cir. 1978); Smith v. Moore, 347 So.2d 316 (La.App. 4th Cir. 1977); Altex Ready-Mixed Concrete Corp. v. Employers Commercial Union Insurance Company, 308 So.2d 889 (La.App. 1st Cir. 1975), writ refused May 30, 1975. In the instant case, fraud has not been alleged or proved. There was no evidence of defendant’s status as a shareholder. Hence, the alter ego theory is equally inapplicable. See Hughes Realty Company v. Pfister, 245 So.2d 757 (La.App. 4th Cir. 1971).