428 So.2d 564 (1983)
SCARIANO BROTHERS, INC.
v.
HAMMOND CONSTRUCTION, DIVISION OF SCHEYD-BRENNAN, INC. and Fidelity and Deposit Company of Maryland.
No. CA-0332.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
*565 Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., Joan G. Quinters, Bruce C. Butcher, New Orleans, for third party plaintiff-appellant.
Joseph W. Rausch, Stassi & Rausch, New Orleans, for third party defendants-appellees.
Before CIACCIO, BYRNES, and LOBRANO, JJ.
CIACCIO, Judge.
Defendant, Hammond Construction, Division of Scheyd-Brennan, Inc. (hereinafter called "Hammond") appeals from a judgment of the district court which upheld an exception of no cause of action filed by the third party defendant, James Gabler, Jr. We reverse that judgment and remand.
The sole issue presented on appeal is whether the general contractor's third party petition stated a separate cause of action against the corporate officer of the subcontractor.
The plaintiff, Scariano Bros. Inc., entered into a written building contract with the defendant, Hammond, for the construction of a wholesale meat processing plant. The specialized insulation work was subcontracted by Hammond to Gabler Insulation Inc., whose chief executive officer is James Gabler, Jr. The plaintiff sued the general contractor, Hammond, alleging certain defects in construction.
Hammond filed a reconventional demand and third party demand against the architects, supplier and two subcontractors. Gabler Insulation, Inc., a subcontractor, was made a third party defendant and its chief executive, James Gabler, Jr., and his insurer were sued individually. Mr. Gabler and his insurer filed a peremptory exception of no cause of action which was maintained by the trial court and James H. Gabler, Jr. and his insurer were dismissed as third party defendants with prejudice.
On appeal Hammond argues that Louisiana law provides a cause of action by a third party for injuries sustained as a result of the acts or omissions of an executive officer and that its third party petition, as amended, states such a cause of action against James H. Gabler, Jr.
The Louisiana Supreme Court, in Canter v. Koehring Co., recognized the plaintiff's right to sue a corporate officer individually provided the following criteria are met:
1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach *566 of which has caused the damage for which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm. 283 So.2d 716 at 721 (La., 1973).
This rule of law was concisely set forth in H.B. "Buster" Hughes, Inc. v. Bernard, wherein Justice Calogero, as organ for the Court stated:
The law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation. Article 2315 Civil Code; Canter v. Koehring Company, La. 283 So.2d 716 (1973); 3 Fletcher Cyclopedia of the Law of Private Corporations, Section 1135; 19 Am. Jr.2d, Corporations, Section 1382." 318 So.2d 9 at 12 (La., 1975).
We are therefore satisfied that Louisiana law does provide a distinct cause of action by a third party for injuries sustained as the result of the acts or omissions of an executive officer. C.C. Arts. 2315-2316.
Accordingly, we must decide whether the defendant's third party petition, as amended, states such a cause of action.
A peremptory exception is the vehicle by which an objection of no cause of action is raised. C.C.P. Art. 927(4). The exception of no cause of action tests the legal sufficiency of the petition. Hero Land Co. v. Texaco, Inc., 310 So.2d 93 (La., 1975). For purposes of this exception, all well pleaded facts are accepted as true. Hero Land Co. v. Texaco, Inc., supra; City Stores Co. v. N.E.I., Corp., 357 So.2d 1364 (La.App., 4th Cir., 1978). Any doubts are resolved in favor of the sufficiency of the pleadings to state a cause of action. Landry v. Landry, 339 So.2d 360 (La.App., 1st. Cir., 1976), writ den. 341 So.2d 900 (La. 1977). Therefore, the exception of no cause of action questions whether the law affords any remedy to the plaintiff under the allegations of its petition and if so, the exception must be overruled. Hero Land Co. v. Texaco, Inc., supra; City Stores Co. v. N.E.I., Corp., supra;
Hammond relies upon the following language in its third-party petition in support of its claim that it has stated a cause of action against James H. Gabler, Jr.:
"Third-party petitioner Hammond Construction specifically shows that James H. Gabler was president and chief executive officer of Gabler Insulators, Inc. and that as such officer he was personally designated and delegated by said corporation to insure the proper handling of the subcontract between Hammond Construction and Gabler Insulators, Inc.

* * * * * *
*567 Only in the alternative and only in the event that there is any award or judgment rendered against Hammond Construction, then third-party petitioner shows that James H. Gabler personally undertook to obtain another company to perform all or a part of said work, without ever advising Hammond Construction thereof, all in express violation of the subcontract and, furthermore, that said James H. Gabler, knew, or should have known, that the insulation work was not being performed in strict accordance with the plans and specifications, and that he (1) personally allowed certain insulation to be left out of the job; (2) personally failed to inspect and supervise the work to insure compliance with plans and specifications, (3) allowed the work to be sealed and closed in without having same checked and approved by the architects and expert; and (4) failed to insure proper sealing of penetrations of the vapor barrier.
* * * * * *
Gabler Insulations, Inc. warranted and guaranteed its subcontract work and agreed to hold third party petitioner harmless from the claims herein made by the owner. James H. Gabler, Jr. is chargeable with independent negligence and direct inducement of his corporation to breach its contract with Hammond Construction which renders him solidarily liable with his corporation."
We agree with the appellant that these pleadings state a cause of action against James H. Gabler, Jr. individually, irrespective of the probabilities of ultimate success. That is, they meet the Canter test, supra, in that the pleadings allege that Mr. Gabler had been delegated the duty of properly handling the subcontract, this was a personal duty which he owed to Hammond and he breached this duty by his fault through the acts which are enunciated in the pleadings, and that breach resulted in injuries to Hammond. Accordingly, we find that the trial court erred when it sustained Mr. Gabler's exception of no cause of action.
For the reasons assigned the judgment of the trial court maintaining the exception of no cause of action and dismissing the third party petition against James H. Gabler, individually, and his insurer, American Mutual Liability Insurance Company, is reversed. The exception of no cause of action is overruled and this case is remanded for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.