WARD, Judge.
City Stores filed this suit and claimed damages for past due rent, interest, and attorney’s fees, alleging that NEI had defaulted in the obligations which it had undertaken by an agreement titled “Assignment and Modification of Lease”. NEI filed a reconventional demand and claimed damages from City Stores, alleging that City Stores had wrongfully evicted NEI from the leased premises.
The Trial Court rejected both demands and denied both claims for damages. We agree and affirm the judgment of the Trial Court.
The background of this action is set out in detail in an earlier, related case, City Stores Company v. NEI Corporation, 357 So.2d 1364 (La.App. 4th Cir.1978), where the Court of Appeal remanded the action for the determination of whether there is an “indebtedness owed to plaintiff by reason of the corporate defendants’ default on the lease.” The action came to trial in December of 1981.
City Stores argues that it is entitled to damages because of NEI’s default in payment of rent, and that judicial eviction of NEI was unnecessary because NEI had abandoned the leased premises. NEI contends that it had not abandoned the premises and, therefore, it is entitled to damages because of being wrongfully evicted by City Stores’ re-taking of the leased premises without first obtaining a judgment and order of eviction.
Much evidence is undisputed. NEI made no further payments of rent after August, 1975, and during that August, representatives of each party met in New York City and reviewed matters pertaining to the lease. NEI was clearly in financial trouble; the trouble was so severe that there was a possibility of imminent bankruptcy proceedings. Although NEI had defaulted in the payment of rent, City Stores did not bring an action for judicial eviction of NEI, but instead, in October of 1975, Counsel for City Stores sent NEI a letter stating that City’s Stores had been “forced to re-enter the Gentilly Woods premises.” It is also undisputed that the lease agreement between the parties provided that NEI would not physically occupy the leased premises, but that NEI would function as an agent or broker to sub-lease the premises to a suitable tenant. Finally, it is undisputed that NEI had been involved in lease negotiations with Gaylord’s Department Store (although the extent of those negotiations is in dispute) before the August meeting of the City Stores and NEI representatives and that following the August meeting, City Stores undertook lease negotiations directly with Gaylord’s, and NEI withdrew from those negotiations.
*633 The rule is long established that “a lessor has no right to take possession or in any way disturb the possession of the lessee without first resorting to judicial process.” An exception to this requirement for judicial intervention arises “when the lessee has voluntarily abandoned the premises.” Bunel of New Orleans, Inc. v. Cigali, 348 So.2d 993 (La.App. 4th Cir.1977) writ denied, 350 So.2d 1210 (La.1977). Therefore, in order for City Stores as lessor to prevail in its claim for damages where it did not sue to evict the tenant, the tenant, NEI, must have abandoned the premises.
In his Reasons for Judgment, the Trial Judge noted that NEI had continued to pay for electricity, water, and ADT protection on the leased premises and that NEI had provided insurance protection up until April, 1977, and he concluded that these incidents of possession were sufficient to support a finding that NEI had not abandoned the premises. Since the parties had agreed by the terms of the lease that NEI would not physically occupy the building, it is questionable what facts would constitute proof of its abandonment. We nonetheless conclude that the Trial Judge did not err in his finding that NEI had not abandoned the leased premises, and therefore, City Stores has failed to show that it had a right based on abandonment to take possession of the premises without first resorting to judicial process, and its claim for damages must fail.
We also agree with the Trial Judge that NEI’s reconventional demand for damages based on wrongful eviction must fail because we agree with his factual findings about the agreement of the parties after their meeting in August, 1975.
At that time, NEI was unable to continue paying rent, and City Stores was aware that NEI was contemplating bankruptcy. City Stores decided not to undertake a suit for judicial eviction, which may have become entangled in bankruptcy proceedings, and decided to take over NEI’s role as agent or broker in completing lease negotiations with Gaylord’s and other potential tenants. NEI was agreeable to that plan. Having failed in its obligations under the lease, NEI does not now have a claim for damages for wrongful eviction after agreeing that City Stores would retake the premises.
We affirm the Trial Court and deny the claims both of City Stores and NEI, and we assess costs of the appeal to City Stores.
Affirmed.