ARMSTRONG, Judge.
The plaintiffs appeal from a judgment sustaining an Exception of No Cause of Action, which resulted in the dismissal of one of the two defendants. Because we find that the allegations in the petition, which we must assume to be true, state a cause of action against both of the defendants, we reverse and remand for further proceedings.
I.
For purposes of an Exception of No Cause of Action, all of the well pleaded allegations of the petition must be accepted as correct. Darville v. Texaco, 447 So.2d 473 (La.1984); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93, 96 (La.1975); Wheelahan v. Louisiana State Claims Review Board, 376 So.2d 576, 577 (La.App. 4th Cir.1979). Further, so far as is reasonable, the language of the petition must be interpreted in favor of stating a cause of action. Hero Lands, 310 So.2d at 96; Wheelahan, 376 So.2d at 577. Thus, we set out immediately below the allegations of the petition in the manner most favorable to the plaintiffs.[1]
The plaintiffs own and occupy residences on Magazine Street in the City of New Orleans. There is an alley adjacent to the rear of their property. That alley is a “common alley” and the plaintiffs, because of their ownership of their property, have the legal right to use the common alley.
Defendant Neese Enterprises, Inc., (“Neese”), which is not a party to this appeal, is a corporation and owns property on Orange Street. The Orange Street property is adjacent to the common alley.
The allegations of the petition as to the defendant Patrick McCardle (“McCardle”) are not models of clarity or precision. However, read with some indulgence, as is required by the above-cited authorities, the petition alleges that McArdle was an owner of the Orange Street property as well as an attorney and agent for other owners of the Orange Street property. In any case, as is discussed below, the status of McCardle as an owner of the Orange Street property is not an essential allegation to the cause of action stated in the petition.
In 1985, Neese and McCardle contacted the plaintiffs to obtain the plaintiffs’ consent for the construction of a fence which would block the common alley. The plaintiffs refused to consent to the construction *212 of the fence. Nevertheless, Neese and McCardle, on or about January 20, 1986, began construction of a fence so as to block the common alley. The construction began without any notice to or consent from the plaintiffs and continued despite oral and written objections by the plaintiffs to Neese and McArdle.
About a week after the construction began, the plaintiffs filed a suit (a separate action from the present one) against Neese and McCardle seeking injunctive relief to halt construction of the fence. In that action for injunction, the plaintiffs obtained a temporary restraining order against Neese and McCardle which ordered construction of the fence to halt. The New Orleans Historic District Landmark Commission, an agency of the City of New Orleans, also issued a stop work order regarding the fence. Nevertheless, Neese and McCardle completed construction of the fence. Subsequently, Neese and McCardle were permanently enjoined from construction of the fence. In some way not specified in the petition (perhaps the keeping of the fence in place), Neese and McCardle violated the permanent injunction. The petition alleges that, because of the above described alleged conduct of Neese and McCardle, the plaintiffs have suffered “financial, mental and emotional damages and trauma”.
II.
The only issue presented by this appeal is the propriety of the maintaining of McCardle’s Exception of No Cause of Action. Thus, our inquiry is whether the above summarized allegations of the plaintiffs’ petition are sufficient to state a cause of action against McCardle. We hold that they are.[2]
McCardle argues that he was merely acting as attorney or agent for Neese and that, consequently, he cannot be held liable. McCardle is correct to the extent that he cannot be held liable (on facts alleged) for a debt of Neese to the plaintiffs arising from Neese having tortiously fenced the common alley. See generally: City Stores Co. v. NEI Corp., 357 So.2d 1364, 1366 (La.App. 4th Cir.1978). However, the petition alleges that McCardle himself, as well as Neese, tortiously fenced the common alley.
If McCardle personally committed a tort against the plaintiffs, regardless of whether he was acting for Neese, he can be held personally liable to the plaintiffs. Hughes v. Bernard, 318 So.2d 9, 12 (La.1975); Scariano Brother’s Inc. v. Hammond Construction, 428 So.2d 564 (La.App. 4th Cir.1983). The fact that Neese might also be liable is irrelevant. Id.
The question to be determined is whether McCardle breached a personal duty to the plaintiffs. Id. The plaintiff’s have alleged that the alley is a common one for the benefit of their property so that they have a legal right to use the alley without obstruction by anyone. That allegation as to the alley, if correct, is sufficient to create a personal duty on the part of McCardle (or anyone) to the plaintiffs to refrain from fencing the common alley, cf. Hughes, 318 So.2d at 12 (corporate officer or agent, as anyone, has duty not to cause damage to the property of another); Benedict v. Lynch, 81 So.2d 91 (La.App. 2d Cir.1955) (defendant’s fence blocked plaintiffs’ access to street). The petition sufficiently alleges that McCardle breached that duty to the plaintiffs because it alleges that he personally fenced the common alley while aware of plaintiffs’ legal rights to use the alley without obstruction.
McCardle’s brief, and the district court’s very brief oral reasons for judgment, seem to rely to some extent on the premise that McCardle is not an owner of the Orange Street property. Initially, we note that the petition can be reasonably construed as alleging that McCardle is an owner of the Orange Street property. Therefore, for the purposes of the Exception of No Cause *213 of Action, it must be accepted as true that McCardle is an owner of the Orange Street property. More importantly, McCardle’s ownership of the Orange Street property is not essential to the plaintiffs stating a cause of action against McCardle personally. The alleged duty of McCardle to avoid fencing the alley arises from the alleged legal rights of the plaintiffs to use the alley — not from McCardle’s alleged ownership of the Orange Street property.
In sum, we find that the plaintiffs have alleged a cause of action against McCardle. Therefore, the judgment maintaining McCardle’s Exception of No Cause of Action, and dismissing the action as against McCardle, is reversed and we remand for further proceedings.

. We note that the correctness of these allegations has been tested neither by a motion for summary judgment nor by trial.

. McCardle also filed an exception of no right of action but it was not maintained by the district court. The record does not reflect an express overruling of McCardle’s Exception of No Right of Action. However, the district court evidently felt that the exception was either meritless or rendered moot by the maintaining of the Exception of No Cause of Action. In any case, the Exception of No Right of Action is not before us for review.