COVINGTON, Chief Judge.
Defendant Central Louisiana Electric Company, Inc. (CLECO), appeals the dismissal of its third party claim against Crown Zellerbach Corporation by the trial court. Suit was originally filed against CLECO by Professional Answering Service, Inc., alleging that it suffered damages to its computerized telephone answering service at its operation center when a severe electrical power surge was transmitted through CLECO’s service lines to the operation center. The surge was allegedly concentrated enough to pass through two computer protection devices manufactured and installed respectively by two other named defendants in the suit who are not involved here. CLECO in turn filed a third party demand against Crown Zellerbach Corporation, alleging that Crown Zeller-bach was cutting trees near one of CLE-CO's power substations on the date of the power surge and caused same by allowing trees to fall on CLECO’s power line. CLE-CO claimed it is entitled to indemnity or alternatively that Crown Zellerbach is a joint tort feasor solidarily obligated to contribute to any damages for which CLECO may be cast. Crown Zellerbach filed an answer and “Exception of No Right Nor Cause of Action” in response to the third party demand, which the trial judge maintained, and accordingly he dismissed the third party claim. We agree.
The jurisprudence in this state is clear that there is no cause of action for negligent interference with contractual relations resulting in physical damage and economic loss. PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984); Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957); Community Coffee Company, Inc. v. Tri-Parish Construction & Materials, Inc., 490 So.2d 1109 (La.App. 1 Cir.1986). In PPG Industries, Inc., supra, the plaintiff was a customer of a natural gas pipeline owner who sustained economic losses when the pipeline was negligently damaged by a dredging contractor. The customer sued the dredging contractor for its losses and was denied recovery by the courts because of its failure to state a cause of action under Louisiana law. The Supreme Court held that under the duty-risk analysis, the damages suffered by the customer did not fall within the scope of duty imposed on the dredging contractor not to damage pipelines negligently. The admitted policy reason for this decision was stated by the court: “... the rule of law which prohibits negligent damage to property does not necessarily require that a party who negligently causes injury to property must be held legally responsible to all persons for all damages flowing in a ‘but for’ sequence from the negligent conduct.” 447 So.2d at p. 1061. Thus, under a duty-risk approach, the court reached the same result as in the prior case of Forcum-James, supra, where the court had stated that “where a third person suffers damage by reason of a contractual obligation to the injured party, such damage is too remote and indirect to become the subject of a direct action ex *551 delicto, in the absence of subrogation.” 93 So.2d at 230.
In Community Coffee Company, Inc., supra, a coffee roasting machine belonging to the plaintiff was damaged when a crane with a raised boom which was being transported by a tug boat snagged electrical power lines belonging to Gulf States Utilities Company and caused a power outage. The owner of the coffee roasting machine and its insurer sued the crane owner and tug boat owner for damages. After analyzing both the Forcum-James, and PPG Industries cases, this court stated that “Forcum-James appears to establish the dogmatic rule that there is no cause of action for tortious (intentional or negligent) interference with contracts.” 490 So.2d at p. 1118. We concluded, reluctantly, that Forcum-James had not been overruled by PPG Industries, and that we were bound to follow the latest expression of law by the Louisiana Supreme Court. 490 So.2d at 1114.
We are compelled to reach the same conclusion here, where both economic losses {PPG Industries) and physical damage {Community Coffee Company) are claimed by defendant to have resulted from Crown Zellerbach’s actions. Defendant’s attempts to distinguish this case from the above-cited authorities are not persuasive. While it is true that this case involves a third party demand rather than a direct claim by plaintiff against the third party defendant, this procedural difference does not refute the rationale of the Forcum-James — PPG Industries — Community Coffee Company line of cases. Whether the claim is for direct compensation to the plaintiff, indemnity to the third party plaintiff, or contribution to a co-tort feasor, the liability would ultimately rest upon a duty by Crown Zellerbach not to injure the property of Professional Answering Service through its tree cutting operations in connection with the power lines of CLECO. Such a result is not permitted, whether we take the dogmatic approach of Forcum-James or the duty risk approach of PPG Industries and Community Coffee Company. This is not to say that CLECO could not claim damages for its own expenses and repairs to the power lines that may have been damaged by Crown Zellerbach.[1]
The decision of the trial court is affirmed at third party plaintiff-appellant's costs.
AFFIRMED.

. See PPG Industries, 447 So.2d at p. 1061.