545 So.2d 649 (1989)
Raymond L. PEACOCK, d/b/a Peacock Inn
v.
BRIGHTWAY SIGNS, INC. and The Travelers Insurance Company.
No. 89-CA-2.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
Rehearing Denied July 18, 1989.
T. Peter Breslin, Chehardy, Sherman, Ellis & Breslin, Metairie, for plaintiff-appellant.
Michael R. Sistrunk, Mark M. Gloven, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for plaintiff-appellee Employers Nat. Ins. Co.
Thomas E. Loehn, New Orleans, for defendants-appellees J. Everett Eaves, Inc. and St. Paul Fire & Marine Ins. Co.
Franklin D. Beahm, Robert D. Ford, New Orleans, for defendant-appellee B & F Risks, Inc.
Before BOWES, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
This is an appeal from several judgments of the 24th Judicial District Court (1) which maintained exceptions of no right or cause of action filed by B & F Specialty Risks, Inc., Employers National Insurance Company, J. Everett Eaves, Inc. and St. Paul Fire & Marine Insurance Company, thereby dismissing plaintiff Raymond L. Peacock's claims (a) for property not owned by him and (b) for loss of income; and (2) which denied Peacock's motion to substitute petitioners.
For the following reasons, we set aside the judgment maintaining the exceptions and we remand to the district court for a reconsideration of Peacock's motion to substitute parties plaintiff.
The primary reason for maintaining the exceptions was that Louisiana, prior to 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989), totally disallowed actions based on tortious interference with contracts. In the Spurney decision, the Supreme Court of Louisiana traced the history of tortious interference from Kline v. Eubanks, 109 La. 241, 33 So. 211 (1902) to the present, noting that Louisiana "... is now the only American state that does not recognize the action for tortious interference with contractural relations." The Court stated at page 234:
"... our courts' previous expressions barring absolutely any action based on a tortious interference with a contract are annulled ..."
Accordingly, we set aside the judgment maintaining the exceptions of no right or cause of action.
The motion to substitute parties plaintiff was denied because Peacock's claims had been dismissed via the exceptions; and, as the trial judge said, "... there were no other plaintiffs in the original suit." With Peacock's petition restored, however, this reason for denying the motion no longer exists. We therefore remand to the district judge for him to reevaluate the merits of Peacock's motion to amend in light of 9 to 5 Fashions, Inc. v. Spurney, supra, and views expressed therein.
REVERSED IN PART AND REMANDED.
BOWES, Judge, concurring.
I agree with the result reached by the majority to the effect that this matter should be remanded to the district court to permit Peacock to amend his petition, but I do not agree with all of the other statements and conclusions reached by the majority. I, particularly, am of the opinion that the case of 9 to 5 Fashions, cited by the majority, does not have the broad applicability that the majority seems to feel it does.