564 So.2d 371 (1990)
Howard HERBERT
v.
PLACID REFINING COMPANY and Laboratory Specialists, Inc.
No. CA 89 0800.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Rehearing Denied August 9, 1990.
Robert F. Monahan, Baton Rouge, for plaintiff Howard Herbert.
Charles H. Hollis, New Orleans, for defendants Placid Refining Co. and Laboratory Specialists, Inc.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
This suit cumulates four causes of action by a discharged employee against his employer and a testing laboratory which had been retained by the employer. These causes of action are (1) breach of contract by the employer for discharging the employee for racial reasons in violation of La.R.S. 23:1006(B); (2) tortious invasion of privacy by the employer for compelling the employee to submit to testing of his urine for drugs in violation of La. Const. of 1974, art. I, § 5; (3) tort damages for negligent testing of the urine by the testing laboratory; and (4) tortious wrongful infliction of mental suffering upon the employee by the employer. The employer and the testing laboratory filed motions for summary judgment which were granted by the trial court.[1] The employee took this devolutive appeal.

*372 UNDISPUTED FACTS
The plaintiff, Howard Herbert, was employed by the Placid Refining Company (Placid) at its refinery in Port Allen, Louisiana. Herbert's employment contract with Placid was for an indefinite term.
On August 15, 1985, Placid instituted an alcohol and drug testing program for its employees. Placid contracted with Laboratory Specialists, Inc. (LSI) to do the testing. On April 1, 2 and 3, 1986, LSI collected urine samples from all Placid employees present at the Port Allen facility on those dates (including Herbert). LSI tested the urine samples and the results were reported to Placid on April 9, 1986. LSI reported to Placid that Herbert's urine sample disclosed the presence of THC, the active ingredient in marijuana. On April 11, 1986, Herbert and nine other employees whose urine tested positive were interviewed by Placid's refinery manager and their employment was terminated.

NEGLIGENT TESTING BY LSI
In his only assignment of error,[2] Herbert asserts the following:
The trial court erred determing [sic] that no material issue of fact existed as to whether or not LSI analyzed and reported appellant's urine sample in a reasonable manner.
A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file show that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The burden is on the mover to show the absence of any genuine issue of material fact. Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d 1074 (La.App. 1st Cir.1987).
In Herbert's petition, cause of action (3) is entitled "NEGLIGENCE", and the petition alleges, in pertinent part, the following:
47.
That Laboratory Specialists, Inc., had a duty to Howard Herbert to analyze his body fluids in a manner that utilized State of the art technology and was fair and accurate.
. . . . .
49.
That Laboratory Specialists, Inc., failed to prevent melanin interference with their THC urinalysis because of inadequate laboratory methodology.
50.
That Howard Herbert's aforementioned injuries were the direct and proximate result of the breaches of duty owed by Laboratory Specialists, Inc., to Howard Herbert.
51.
That Howard Herbert suffered serious physical, emotional, psychological, and financial injury from sumaraily [sic] terminated by Placid Refining Company after allegedly testing positive for marijuana on urinalysis drug test administered, implimented, and interpreted by Laboratory Specialists, Inc., for Placid Refining Company.
It is uncontested in the record that Herbert's employment contract with Placid *373 was for an indefinite term. Accordingly, even if it were assumed for purposes of argument that LSI negligently performed the tests of the urine, Herbert cannot recover against Placid on this cause of action. In Johnson v. Delchamps, Inc., 897 F.2d 808 (5th Cir.1990) an employee was discharged and she filed suit against her employer alleging that her termination resulted from a negligently administered polygraph examination conducted by a co-employee, who was a licensed polygraph examiner. The employer filed a motion for a summary judgment on the ground (among others) that the employee's at-will (indefinite term) employment status immunized it from liability for her dismissal. The federal district court granted the summary judgment on this ground (and others) and the federal appellate court affirmed with the following rationale:
Before analyzing the merits of Johnson's claims we must determine the nature of her cause of action. Although Johnson maintains on appeal that negligent administration of the polygraph examination was an independent tort, a parsing of her complaint and deposition testimony clearly demonstrates that she complains of the discharge itself, albeit based upon the test results. Thus, assuming for purposes of the summary judgment proceeding that the polygraph examination was negligently administered, our inquiry focuses on whether Delchamps is liable to Johnson for its decision to terminate her employment.
[1] Louisiana's doctrine of employment-at-will is embodied in Article 2747 of the Louisiana Civil Code which provides:
A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause.

Under this doctrine, both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided that the termination violates no statutory or constitutional provision and, obviously, that there is no contract of employment for a definite term. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1103-04 (La.1988); Pechon v. National Corp. Service, Inc., 234 La. 397, 100 So.2d 213 (1958).
[2] While urging several "public policy" arguments, Johnson makes no claim that a constitutional or statutory provision prohibits Delchamps from discharging her as the result of a negligently administered polygraph examination. Nor does she claim that she and Delchamps had a contract of employment for a definite term. She perforce must concede that her employment relationship with Delchamps was at will, giving Delchamps the right to fire her for any reasongood, bad, or indifferentor for no reason at all. See Gil v. Metal Service Corp., 412 So.2d 706 (La.App.), cert. denied, 414 So.2d 379 (1982) (at-will doctrine barred suit by employee discharged for refusing to commit an illegal act for his employer).
(Emphasis added; footnote omitted.)

Johnson v. Delchamps, Inc., 897 F.2d at 810.
See also Directional Wireline Services, Inc. v. Tillett, 552 So.2d 1201, 1216 n. 9 (La.App. 1st Cir.), writs denied, 551 So.2d 1343 and 1344 (La.1989).
We find this rationale by our learned brothers in the federal appellate court persuasive and we adopt it as our own. In so doing, we affirm the summary judgment entered in favor of Placid, dismissing plaintiff's suit against it.
To analyze Herbert's negligence claim against LSI, we must examine the legal relations between the parties. It is undisputed factually that Placid contracted with LSI to perform the urine tests. It is not claimed that LSI had a contractual relationship with Herbert. Herbert did have a contractual (employment) relationship with Placid which was terminable at the will of either party, and Placid is not liable for the termination of that contractual relationship in this case. Thus, to prevail against LSI, Herbert must show some noncontractual (tort) duty flowing from LSI to himself.
*374 Herbert asserts LSI owed him a duty to properly analyze his body fluids, LSI negligently performed this duty, and this breach of duty caused him to suffer injury because he was summarily terminated by Placid. LSI had a contractual duty to Placid (not Herbert) to properly analyze Herbert's urine. The essence of Herbert's claim is that LSI's negligence caused Placid to terminate its employment contract with him. LSI owed Herbert no duty to protect against this risk. Louisiana law does not recognize a cause of action for negligent interference with contract rights. Great Southwest Fire Insurance Company v. CNA Insurance Companies, 557 So.2d 966 (La.1990); 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989); PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984); Professional Answering Service, Inc. v. Central Louisiana Electric Company, Inc., 521 So.2d 549 (La.App. 1st Cir.1988). Thus, under the undisputed facts of this case, even if LSI negligently tested Herbert's urine, Herbert had no cause of action against LSI when Placid subsequently terminated his employment.[3] Therefore, the trial court correctly granted summary judgment in favor of LSI.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at Herbert's costs.
AFFIRMED.
EDWARDS, J., concurs in result.
EDWARDS, Judge, concurring in the result.
I agree with the portion of the opinion concerning defendant, Placid Refining Company. But, with reference to defendant, LSI, I am not prepared to say that LSI owes no duty to the employee. However, the trial court was correct in concluding no genuine issue of material fact exists.
NOTES
[1] The trial court granted a summary judgment which provided that "the above numbered and entitled case be and is hereby dismissed with prejudice." The record shows that on March 23, 1987, Placid and LSI filed peremptory exceptions raising the objections of no cause of action and no right of action to all four causes of action asserted by Herbert. The minutes of court show that these exceptions were heard on May 7, 1987, and the trial court took the exceptions under advisement. In brief, Placid and LSI assert the following:

On July 21, 1987, the court below granted LSI's Exceptions of No Cause Action as to Counts I, II, and IV. On September 22, 1988, the court below granted Placid's preemptory [sic] exceptions dismissing Counts I and IV.
There are no minute entries in the record before us to show this action by the trial court. Further, the sustaining of a peremptory exception raising the objection of no cause of action is a final (and appealable) judgment which must be in writing and signed. La.C.C.P. arts. 1841, 1911, 1912 and 1918; Carpenter v. Travelers Insurance Company, 402 So.2d 282 (La.App. 3rd Cir.1981). There is no written and signed judgment sustaining the exceptions in the record. Accordingly, we conclude that the summary judgment disposed of all four causes of action.
[2] This assignment of error pertains to Herbert's cause of action (3) which asserts LSI negligently performed the testing and damaged him. No error has been assigned to the dismissal of causes of action 1, 2 and 4. Issues not raised in specifications of error are considered abandoned. Uniform Rules-Courts of Appeal, Rule 1-3; McGowan v. Ramey, 484 So.2d 785 (La. App. 1st Cir.1986); Vining v. Bardwell, 482 So.2d 685 (La.App. 1st Cir.1985), writ denied, 487 So.2d 439 (La.1986).
[3] The instant case is distinguishable from Johnson v. Delchamps, Inc. because in Johnson the person performing the test was an employee of the defendant for whom the defendant was vicariously liable under La.C.C. art. 2320. Guidry v. Freeman, 555 So.2d 588 (La.App. 1st Cir. 1989). In the instant case, it appears that LSI was an independent contractor for whom Placid is not vicariously liable.