YELVERTON, Judge.
This is an appeal from a damage award assessed against a cross-claim defendant for causing his codefendant to breach a contract with the plaintiff. David Larsen, a machinist, sued Eric B. Coursen, an entrepreneur, and Warren J. Renard, landowner, for breach of contract. Coursen filed a cross claim against Renard alleging that if he had breached the contract, Re-nard was wholly responsible for causing Coursen’s breach.
The facts are a little complicated. Back in 1980, Coursen originated an idea for converting a Caterpillar bulldozer into a unique land clearing device. He approached Renard about constructing the machine on Renard’s property. They agreed that Coursen would build a shop on Renard’s property to facilitate the construction and storage of the machine and its component parts as those parts were purchased or fabricated. Coursen agreed to provide both the labor and materials. Renard would retain the shop upon the completion of Coursen’s machine. As time went by the two men expanded their agreement to add new details. They also loaned each other money.
As the machine construction progressed, Coursen hired Larsen, a machinist, in 1988. Larsen machined some parts. In early 1985, Larsen and Coursen determined that they needed to move the machine to Larsen’s shop to balance it and complete its assembly.
In anticipation of the move, Larsen and Coursen prepared a list of all the component parts of the machine which were located in Renard’s shop. Coursen testified that he advised Renard of the imminent move. In April 1985 Coursen left town for a week. Renard put a new lock on the gate while Coursen was out of town. Larsen was unable to remove the machine. Renard claimed that he locked the gate because Coursen owed him money and he didn’t want to lose the security of having possession of the machine and its valuable parts.
In May 1985 Coursen sued Renard for possession of the bulldozer, its component parts, and tools. Renard countersued for recovery of what he claimed Coursen owed him. Larsen attempted to mediate so that he could complete the machine. Two years passed, and Coursen and Renard finally settled their lawsuit. They released each other on Coursen’s agreement to pay Re-nard $15,000, of which $5,000 was paid in cash and the rest was represented by a $10,000 promissory note secured by an act of chattel mortgage on the machine. Larsen signed the note with Coursen.
In April 1987 Larsen went to the shop to get the machine and its parts. Many of the component parts were found missing. Unable to proceed with the assembly, Larsen sued both Renard and Coursen for damages. Coursen filed a cross-claim against Renard. The judgment rendered in this suit is what is on appeal.
*1190 The trial court gave Larsen a judgment for $10,000 in damages against Coursen. The trial judge directed a verdict dismissing Larsen’s suit against Renard, finding that there was no contract between Larsen and Renard. However, the judge granted Coursen’s cross-claim against Renard, on a finding that Renard was ultimately responsible for the breach of Coursen’s contract with Larsen, and therefore responsible for all of Larsen’s damages. The trial court explained in reasons for judgment:
The Court finds that the parts were situated on the property of RENARD at the time RENARD locked the premises and denied access thereto to the other two parties. This fact was testified to even by one of RENARD’s sons, Douglas Renard. The Court finds this fact to have been established by a preponderance of the evidence. By taking the law into his own hands and locking the gate in violation of his agreement with COUR-SEN, RENARD became a depository of these items belonging to COURSEN and rendered himself responsible for their safekeeping. At the very least, he became a depository by his actions.
Of course, COURSEN’s claim for these items against RENARD are not before the Court. This was raised in the previous litigation between RENARD and COURSEN and has been definitely settled by their compromise. However, RE-NARD’S actions caused COURSEN to default on his contract with LARSEN, and therefore, any damage which COUR-SEN would owe to LARSEN as a result of this default must be reimbursed by RENARD to COURSEN.
Only Renard appealed. His main contention on appeal is that, contrary to the law of this state, he has been held liable for negligent interference with contractual relations resulting in economic loss. We agree. The judgment against him was in error. We reverse.
The trial judge in his above-quoted reasons for judgment made it clear that it was Renard’s tortious interference with Larsen’s rights under Larsen’s contract with Coursen that resulted in the judgment in the cross-claim against Renard for $10,000. Although the $10,000 was payable by Re-nard to Coursen under a judgment emanating from the cross-claim, and thence owed by Coursen to Larsen under another judgment emanating from the main demand, the award was the same damage item throughout. The judge said that Renard’s actions caused Coursen to default on his contract with Larsen, and therefore, any damage which Coursen would owe to Larsen as a result of this default must be reimbursed by Renard to Coursen. The trial judge observed that Coursen could no longer recover from Renard for the missing parts themselves — this was raised in the previous litigation between Renard and Coursen and was settled by their compromise. All that Coursen could recover from Renard was what Coursen had to pay Larsen. Larsen could not recover directly from Renard because he had no contract with Renard.
In other words, the trial court held that Renard would not be liable to Coursen in this present action for the loss of the parts, because these two parties had earlier settled between themselves that very dispute. Renard’s liability to Coursen thus rested solely on Coursen’s liability to Larsen. This in effect made Renard Larsen’s obligor for a loss flowing in a “but for” sequence from the lack of care of Renard in preserving the deposit. Policy considerations do not allow the rule of law which prohibits negligent damage to property to reach that far. Liability for negligent interference with contractual relations resulting in economic loss is not recognized in Louisiana. PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984).
The case before us cannot be distinguished (and thereby affirmed) on the ground that the judgment against Renard is responsive to a cross-claim by another defendant and not responsive to the direct action of Larsen. However procedurally effectuated, Renard’s liability ultimately rests upon his duty not to cause economic loss to Larsen by his lack of care as a depository of Coursen’s property. See Professional Answering Service, Inc. v. *1191 Central Louisiana Electric Co. Inc., 521 So.2d 549 (La.App. 1st Cir.1988).
No other party has appealed. For the reasons assigned, the judgment on the cross-claim in favor of Coursen and against Renard is reversed and set aside, and the cross-claim is dismissed. In all other respects the judgment' is unchanged. All costs on appeal and below are assessed to Coursen.
REVERSED IN PART.