588 So.2d 167 (1991)
Carl LEWIS
v.
ALUMINUM COMPANY OF AMERICA and Laboratory Specialists, Inc.
No. 91-CA-0267.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1991.
Rehearing Denied November 13, 1991.
Writ Denied January 30, 1992.
*168 James A. Gray, II, Elie, Jones & Gray, New Orleans, for plaintiff-appellant.
Charles H. Hollis, Kullman, Inman, Bee, Downing & Banta, New Orleans, for defendant-appellee.
Before SCHOTT, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, Carl Lewis, appeals the dismissal of his claims against Laboratory Specialists, Inc. (LSI), a company hired by his employer to perform an analysis of his urine sample. The test results reported by LSI to the employer reflected that he tested positive for THC. Asserting these allegations, Lewis sued LSI and others, claiming LSI negligently tested the urine sample(s), its erroneous results caused the termination of his employment, and its erroneous results affected his employment opportunities and his general reputation in the community. He claims these allegations set forth greviences for which the law affords relief and, therefore, the trial court erred in sustaining LSI's peremptory exception which raised the objection of no cause of action. As we agree with Lewis, we reverse and remand.

FACTUAL AND PROCEDURAL HISTORY
Lewis filed suit on September 1, 1988, against Aluminum Company of America (ALCOA) and Laboratory Specialists, Inc. He amended the original petition on February 23, 1990, to include American Medical International Occupational Health Center (Am-Med) as a co-defendant.[1] The amended petition alleges Lewis contracted with ALCOA in September 1987 to provide certain warehouse services for the sum of $14 an hour. It asserts that in late November 1987 he was offered the opportunity to exchange his independent contractor status for employment status. The petition alleges he was then told to undergo drug testing. He submitted to the drug test [urinalysis], and it was performed by Am-Med and analyzed by LSI.
The petition alleges he was initially informed he passed the drug test. Later, he was told he failed the drug test and, as a consequence, would not be made a regular employee and would have his independent contractor status terminated. Despite his protestations that he never used drugs, the *169 petition alleges ALCOA failed to order a retest.
The petition alleges that, if the drug test results were positive, the results were caused by a mistake of ALCOA, LSI or Am-Med. It alleges he obtained an independent drug test showing he was drug-free. ALCOA, however, refused to reconsider its position as to his employment and/or independent contractor status.
Thus, the petition alleges Am-Med negligently drew, stored, processed, labeled and/or transferred the samples drawn from him, and LSI negligently tested the samples. The erroneous test results caused the termination of his employment. He further alleges the report that he is a drug user affected his ability to find other employment and damaged his general reputation in the community.
In response to the suit, LSI and ALCOA filed a joint motion for summary judgment on March 23, 1989. Judgment was rendered on May 8, 1989, denying the motion as to Lewis's negligence claim against LSI and his defamation claim against ALCOA. The motion was granted as to his wrongful discharge claim against ALCOA.
On September 6, 1990, LSI filed a peremptory exception raising the objection of no cause of action, asserting that Louisiana law does not recognize a cause of action for negligent interference with contract rights. The trial court sustained the exception on October 1, 1990, allowing Lewis 15 days to amend his petition. Thereafter, Lewis filed this suspensive appeal.

LEGAL PRECEPTS
A. Objection of No Cause of Action
The purpose of the peremptory exception raising the objection of no cause of action is to determine the legal sufficiency of the petition. It questions whether the petition alleges grievances for which the law affords a remedy. Whitney Nat. Bank v. Jeffers, 573 So.2d 1262 (La.App. 4th Cir.1991); Sajare Interests, Ltd. v. Esplanade Management, Inc., 459 So.2d 748 (La.App. 4th Cir.1984); Reed v. Yor-Wil, Inc., 406 So.2d 236 (La.App. 1st Cir.1981), writ den., 410 So.2d 1135 (La.1982). For the adjudication of the objection, the well-pleaded facts of the petition are accepted as true. Whitney Nat. Bank v. Jeffers, supra; Reed v. Yor-Wil, Inc., supra.
No evidence may be introduced to support or controvert the objection. LSA-C.C.P. art. 931; Smith v. Cole, 553 So.2d 847 (La.1989); Whitney Nat. Bank v. Jeffers, supra; Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir. 1983), on reh'g, 454 So.2d 908 (La.App. 5th Cir.1984). The objection is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords any relief to plaintiff if those facts are proved at trial. LSA-C.C.P. art. 927; Smith v. Cole, supra; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La. 1985). Contrary factual assertions are to be considered defenses which must be tried on the merits. Whitney Nat. Bank v. Jeffers, supra; Sajare Interests, Ltd. v. Esplanade Management, Inc., supra. The exception must be overruled unless the plaintiff has no cause of action under any evidence admissible, based upon the pleadings. LSA-C.C.P. art. 927; Smith v. Cole, supra; Robinson v. North American Royalties, Inc., supra.
B. Negligence
It is the basic policy of our law that every act whatever of a man that causes damage to another obliges him by whose fault it happened to repair it. LSA-C.C. art. 2315; 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989). Fault can be the result of neglect, LSA-C.C. art. 2316, or the relationship one party bears to another, LSA-C.C. arts. 667, 2317-2322. Tallo v. Stroh Brewery Co., 544 So.2d 452 (La.App. 4th Cir.1989), writ den., 547 So.2d 355 (La.1989). If the act is predicated on negligence, the duty-risk analysis is utilized to determine if the complained of conduct constitutes fault, i.e., whether the defendant breached a legal duty imposed to protect *170 against a particular risk.[2]Id. Nevertheless, despite the broad ambit of the civilian concept of fault, liability has not been extended to various forms of negligent interference with contract, where performance of a contract is prevented or rendered more burdensome due to the actions of a tortfeasor. 9 to 5 Fashions, Inc. v. Spurney, supra; PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984); Herbert v. Placid Refining Co., 564 So.2d 371 (La.App. 1st Cir.1990), writ den., 569 So.2d 981 (La.1990)[3]. But see Peacock v. Brightway Signs, Inc., 545 So.2d 649 (La. App. 5th Cir.1989), writ den., 551 So.2d 636 (La.1989).

APPLICATION OF PRECEPTS TO FACTS
Lewis claims the trial court erred by sustaining the peremptory exception as his allegation, that he was injured as a result of LSI's negligent analysis of his [urine] sample, sets forth a cause of action for which the law affords a remedy. We agree with him. The allegations in his petition set forth a cause of action in general negligence, i.e., the breach of the duty to perform the drug tests in a competent and non-negligent manner.
We find an ease of association exists between the rule of law contained in LSA-C.C. arts. 2315 and 2316 which imposes a duty on a tortfeasor to repair damage caused through his negligence, imprudence or want of skill, the risk of injury which Lewis sustained and the losses which he seeks to recover. Further, finding Lewis falls within the intended protection of the rule of law does not offend policy considerations. See, PPG Industries, Inc. v. Bean Dredging, supra.
The precept that liability does not extend to negligent interference with contract rights is not applicable to Lewis's claims. He was not an unknown third party to LSI. Rather, when LSI analyzed Lewis's sample, it was aware that negligent testing on its part could wrongfully identify him as a drug user. LSI was cognizant that if the test results it submitted to ALCOA were inaccurate, both Lewis's reputation and his employment opportunities would be compromised. These damages were directly foreseeable. Thus, as the chance of Lewis being harmed was not remote, extending LSI's liability to encompass him does not create an undue burden upon LSI's freedom of action. Instead, it should foster a greater sense of responsibility within it to perform its drug testing services in a skillful and competent manner. See Id.
Lewis's petition asserts that LSI negligently tested the [urine] sample(s), its erroneous results indicated he tested positive as a drug user, and its erroneous results caused the termination of his employment and affected his employment opportunities and his general reputation in the community. Accepting these allegations as true, the petition sets forth a cause of action of negligence under LSA-C.C. arts. 2315 and 2316. Therefore, regardless of LSI's contract *171 with ALCOA and of Lewis's status as an at-will employee of ALCOA,[4] if Lewis proves these facts at trial he will be entitled to relief.
For the reasons assigned, we reverse the trial court's ruling which sustained the peremptory exception raising the objection of no cause of action.
REVERSED AND REMANDED.
NOTES
[1] Am-Med settled the claims against it and has been voluntarily dismissed from the suit.
[2] Duty can be based upon a statute or an ordinance, or on a jurisprudential rule of law. Tallo v. Stroh Brewery Co., supra, citing Pickett v. Jacob Schoen & Son, Inc., 488 So.2d 1257 (La. App. 4th Cir.1986). Or, it can be determined from a consideration of the relationship of the parties, the risks involved in the transaction or conduct, and on an appraisal of what a reasonable man would do or refrain from doing under the circumstances. Id., citing Stone, Tort Doctrine, Louisiana Civil Law Treatise, Vol. 12.
[3] LSI contends that we are constrained to follow the case of Herbert v. Placid Refining Co., supra. In Herbert, the trial court's summary judgment in favor of LSI was affirmed on appeal after the First Circuit determined LSI did not owe Herbert a duty to properly analyze his body fluids because LSI's contractual relationship was with Placid and not with Herbert. The court concluded that, as the essence of Herbert's claim is LSI's negligence caused Placid to terminate his employment, and as Louisiana is an employment at will state, LSI had no duty to protect Herbert from the risk of having his employment terminated.

We, however, do not find the dicta in Herbert controlling. The issue on appeal therein was not whether Herbert's petition set forth a cause of action in negligence, but whether the trial court committed reversible error when it concluded no genuine issues of material fact existed and, as a matter of law, LSI was entitled to summary judgment. Further, the only damages the First Circuit appeared to consider was the termination of Herbert's terminable at will employment relationship with Placid.
[4] Even when employment is terminable at will, LSA-C.C. art. 2747, the employment is a subsisting relationship, of value to the employee, until it is terminated. Thus, while the possibility of employment termination at any time affects the amount of damages sustained by the employee, it should not affect the employee's right of recovery. See generally, Prosser, Law of Torts, Sect. 129 (4th ed. 1971).