593 So.2d 915 (1992)
Paul H. NEHRENZ
v.
T. Sterling DUNN, Jr., and Laboratory Specialists, Inc., a Louisiana Corporation.
No. 91-CA-0301.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
*916 Charles H. Hollis and N. Victoria Holladay, Kullman, Inman, Bee, Downing & Banta, New Orleans, for appellee.
John D. Rawls, New Orleans, for appellant.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
Paul H. Nehrenz appeals the dismissal of his action against Laboratory Specialists, Inc. ("LSI") on an exception of no cause of action. We reverse and remand.
As an employee of McDermott, Inc. ("McDermott") plaintiff, Paul Nehrenz, underwent drug screening on two occasions when Nehrenz provided urine specimens to Dr. T. Sterling Dunn, practicing with a medical group, American Medical International ("AMI"). The medical group AMI had a contract with McDermott for administering medical evaluations and tests to McDermott's employees. Defendant corporation LSI provided drug testing services to Dr. Dunn and AMI. Dr. Dunn requested that LSI perform two drug screens on Nehrenz's urine. The two tests were performed on October 16, 1985 and subsequently on October 22, 1985. LSI reported both test results to Dr. Dunn who allegedly made statements to Nehrenz's supervisors at McDermott about the test results. Thereafter, Nehrenz was terminated from his employment with McDermott.
On September 10, 1986, Nehrenz filed suit against Dr. Dunn and AMI. The trial court granted Dr. Dunn's exception of prematurity upon the determination that the *917 action was a medical malpractice suit, which was referred to a medical review panel. Thereafter, AMI settled with Nehrenz and was dismissed from the litigation. On July 2, 1990, Nehrenz filed an amended petition for damages, naming LSI as an additional party defendant. Pursuant to its answer, LSI filed its peremptory exception of no cause of action which was granted by the trial court. From that decision, Nehrenz appeals.
On appeal Nehrenz contends that he states a cause of action based on two theories of fault, i.e. medical malpractice and interference with a lawful business relationship. LSI argues that it does not qualify as a health care provider as it is not registered under the Louisiana Medical Malpractice Law. LSI cites Herbert v. Placid Refining Company, 564 So.2d 371 (La.App. 1st Cir.1990), writ denied, 569 So.2d 981 (La.1990), for the premise that no negligent interference with contract rights exists under Louisiana law. However, plaintiff asserts that Louisiana recognizes the intentional interference with contractual relations between two other persons, citing 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 229 (La.1989).
A peremptory exception of no cause of action goes to the legal sufficiency of a petition and is not to be used as a replacement for a hearing on the merits; for purposes of the exception all well-pleaded allegations of fact are accepted as true. LSA-C.C.P. arts. 927, 934; Oster v. Oster, 563 So.2d 490 (La.App. 4th Cir.1990), writ denied 568 So.2d 1059 (La.1990). The Court must determine whether the law grants a remedy to anyone for the particular harm alleged by plaintiff based on the petition without admitting additional evidence to support or controvert the exception. Price v. A. Copeland Enterprises, Inc., 550 So.2d 233 (La.App. 4th Cir.1989). When the petition states a cause of action as to any ground or portion of a demand, the exception must be overruled. Pitre v. Opeloussas General Hosp., 530 So.2d 1151 (La.1988). Any doubt as to the sufficiency of the petition must be resolved in favor of the plaintiff. Ricard v. State, 544 So.2d 1310 (La.App. 4th Cir.1989); Boese v. Neese Enterprises, Inc., 528 So.2d 210 (La.App. 4th Cir.1988).
Considering circumstances similar to the facts provided in Nehrenz's amended petition, this court found a cause of action based on negligence in Lewis v. Aluminum Co. of America, 588 So.2d 167 (La.App. 4th Cir.1991). Herbert, supra, is distinguished from Lewis, supra, and the present case because the Herbert court reasoned that because Louisiana is an employment at will state, LSI had no duty to protect Herbert from the risk of his having his employment terminated. However, the Herbert court did not consider whether the petition stated a cause of action in negligence and the Herbert court only appeared to consider damages resulting from termination of Herbert's employment.
In the present case, Nehrenz includes allegations of negligence in his amended petition as follows:
7.
On or about October 16, 1985, Dr. Dunn obtained a urine specimen from the Plaintiff and ordered a drug screening test to be performed upon that urine specimen by Laboratory Specialists, Inc.
8.
As the result of negligence by one or both of the Defendants, Dr. Dunn and/or Laboratory Specialists, Inc., the Plaintiff's urine specimen was switched with the urine specimen of some other person, or some other act of negligence was performed by Dr. Dunn and/or Laboratory Specialists, Inc., resulting in drug test results that falsely stated that the said urine specimen detected 167 nanograms per milliliter (ng/ml) of Delta-9-tetrahydrocannabinol (THC), the primary psychoactive ingredient present in the leaves and flowering tops of cannabis plants (marijuana). [Emphasis added].
9.
The said purported test finding of 167 ng/ml of THC was false, erroneous and as the direct result of negligence in handling *918 or analyzing the urine specimen by one or both of the Defendants.
10.
At all times relevant hereto both Dr. Dunn and Laboratory Specialists, Inc., well knew that drug screening test results have serious and permanent effects on the career of the person being tested, and that a drug screening test result that falsely registers a significant level of THC in the tested person's bodily fluids during normal working hours would in all probability result in some form of job discipline or even job termination against that person.
Additionally, Nehrenz alleged:
24.
Because of its special expertise in the field of drug screening tests by urinalysis, Laboratory Specialists, Inc., was in a superior position to the Plaintiff to point out the glaring scientific incompatibility between the two test results.
25.
Notwithstanding its superior position as alleged in paragraph 24 hereinabove, at no time has Laboratory Specialists, Inc., or any officer or employee thereof pointed out or acknowledged that glaring inconsistency between its own two test reports.
Nehrenz further requests damages from continued suffering of financial loss and hardship, humiliation, embarrassment, disgrace, and mental anguish, as well as permanent and irreparable damage to his reputation for truth and veracity within his profession and in the community at large.
The allegations in Nehrenz's amended petition set forth a cause of action in general negligence against LSI based on a breach of a duty to perform the drug tests in a competent and non-negligent manner. Louisiana C.C. arts. 2315 and 2316 impose a duty on a tort feasor to repair damages caused through his negligence, imprudence or want of skill. Lewis, supra, 588 So.2d at 170. This duty encompasses the injuries which Nehrenz allegedly sustained. Accepting the allegations as true, Nehrenz's amended petition sets forth a cause of action based on negligence, which entitles him to prove the allegations at a trial on the merits.
Accordingly, we reverse the ruling of the trial court and the exception of no cause of action is denied. The action is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.