607 So.2d 6 (1992)
Annie S. CARTER, Plaintiff-Appellant,
v.
Mary P. SMITH, Caddo Parish School Board and United Community Insurance Company, Defendants-Appellees.
No. 24,084-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1992.
Patricia N. Miramon, Shreveport, for plaintiff-appellant.
Rountree, Cox & Guin by Dale G. Cox, Shreveport, for defendants-appellees.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
The plaintiff, Annie Carter, appeals a summary judgment in favor of the defendants, Mary Smith, the Caddo Parish School Board and United Community Insurance Company. For the reasons expressed, we affirm.
The facts are undisputed. Ms. Carter worked as a driver/caretaker for a 29-year old handicapped patient, Carol. She had been employed by Carol's mother for about four years. On May 15, 1990, she was driving Carol to an appointment when she had an accident with a Caddo Parish school bus driven by Mary Smith. Ms. Carter did not sustain any physical injury. However, the accident frightened Carol to the point that she would no longer ride with Ms. Carter. As a result, Carol's mother terminated Ms. Carter, whose employment was admittedly "at will."
Ms. Carter filed this suit against the bus driver, the school board and its insurer. She alleged that after losing her driver/caretaker job with Carol, she has been reduced to lower-paying work. She sought damages for lost wages and diminished earning capacity, as well as general damages because she misses the satisfaction of working with Carol.
The defendants answered with general denials and then moved for summary judgment on two grounds: (1) the gist of the action is the school board's negligent interference with the contract of employment between Ms. Carter and Carol's mother, a cause of action not recognized by Louisiana law; and (2) the particular risk of harm alleged by Ms. Carter falls beyond the scope of the bus driver's duty to drive *7 safely. Before the matter was submitted, the parties entered a joint stipulation that the accident was caused by the fault of the bus driver, who was in the course and scope of her employment at the time.
The trial court granted summary judgment, giving oral reasons that were not transcribed. This appeal followed.
The motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson Inc., 394 So.2d 1189 (La.1981); Ouachita Nat'l Bank in Monroe v. Gulf States Land & Dev. Inc., 579 So.2d 1115 (La.App. 2d Cir.), writ denied 587 So.2d 695 (1991). The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such an issue must be resolved against granting the motion. Industrial Sand & Abrasives Inc. v. Louisville & Nashville R. Co., 427 So.2d 1152 (La.1983); Odom v. Hooper, 273 So.2d 510 (La.1973).
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La.C.C. art. 2315. Louisiana courts generally use a duty-risk analysis to determine whether a plaintiff may recover under art. 2315. LeJeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990); Dixie Drive It Yourself Syst. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Other cases frame the test in terms of "proximate" and "legal" cause, based on the foreseeability of the harm encountered. Pitre v. Opelousas Gen'l Hosp., 530 So.2d 1151 (La.1988). The inquiries question the ease of associating the risk with the particular injury, the administrative burden that may result from recognizing the scope of the duty, and other moral and societal factors. Clomon v. Monroe City School Bd., 557 So.2d 1100 (La.App. 2d Cir.), aff'd 572 So.2d 571 (1990).
Louisiana does not recognize a cause of action for negligent interference with contract rights. Great Southwest Fire Ins. Co. v. CNA Ins. Cos., 557 So.2d 966 (La.1990); 9 to 5 Fashions Inc. v. Spurney, 538 So.2d 228 (La.1989).
The operative facts are undisputed and do not present any genuine issue of material fact; thus the defendants have made the requisite showing for summary judgment if they are entitled to judgment as a matter of law. La.C.C.P. art. 966. Only the legal issue remains.
Ms. Carter's argument is simply that the bus driver's negligence caused her to lose her job as Carol's driver/caretaker and to sustain the damages sought, thus activating art. 2315 and imposing liability on the defendants, subject only to the limitations of proof at trial. We agree that Ms. Carter's petition and the joint stipulation on file establish cause in fact. However, the plaintiff must also prove legal cause, that the harm encountered falls within the scope of the defendant's duty. The risk that Carol's mother might terminate Ms. Carter's at-will employment is, we feel, too remote from the bus driver's duty to drive safely to prove legal cause. The bus driver and the motoring public can easily foresee that negligent driving might cause death, personal injury and emotional trauma, with economic and other losses related to these harms; however, they are not required to anticipate that a completely uninjured motorist in Ms. Carter's unique circumstances might lose her contract of employment. The association between the risk and the harm is too tenuous to support a finding of liability.
We also note the Supreme Court's recent holdings that negligent interference with a contract is not a cause of action. Great Southwest Fire Ins. Co. v. CNA Ins. Cos., supra; 9 to 5 Fashions Inc. v. Spurney, supra. True, Ms. Carter did not frame her petition as one for interference with her contract of employment, but the undisputed facts clearly expose this as the nature of the case. Suffice it to say, the bus driver's negligent breach of duty to drive safely does not encompass the risk of a subsequent *8 termination of contract between the plaintiff and a third party.
The defendants have cited the analogous case of Herbert v. Placid Refining Co., 564 So.2d 371 (La.App. 1st Cir.), writ denied 569 So.2d 981 (1990), in which an employer (Placid) secured a testing company (LSI) to administer workplace drug tests to Placid's employees. LSI negligently generated a false positive test result for Herbert and, as a result, Placid fired him. The trial court dismissed Herbert's claim against Placid, and the First Circuit affirmed, treating it primarily as a claim of negligent interference with contract. The court found that as Herbert had no right of continued employment, LSI owed him no corresponding duty to protect him from termination resulting from an erroneous test. The Fourth Circuit has drawn the opposite conclusion, on the doubtful grounds that Herbert was not really a negligence case. See Lewis v. Aluminum Co. of Amer., 588 So.2d 167 (La.App. 4th Cir. 1991), writ denied 592 So.2d 411 (1992); Nehrenz v. Dunn, 593 So.2d 915 (La.App. 4th Cir.1992). While we feel that the analytical method utilized in Herbert is more persuasive here, the argument can be made that loss of job is a reasonably foreseeable consequence of, and easily associated with, a false positive drug test, negligently obtained. See Elliott v. Laboratory Specialists Inc., 588 So.2d 175 (La.App. 5th Cir. 1991), writ denied 592 So.2d 415 (1992). Such ease of association is simply not the case here. As a matter of law, Ms. Carter's loss of employment is beyond the scope of the school board's duty to drive carefully.
The defendants have met the heavy burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. The judgment is affirmed.
Although Ms. Carter was allowed to proceed in forma pauperis, costs of appeal must nevertheless be taxed against her. La.C.C.P. art. 5188; Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983); Allemond v. Guidry, 345 So.2d 1298 (La.App. 3d Cir.1977).
AFFIRMED.