775 So.2d 1228 (2000)
CLECO CORPORATION
v.
Leonard JOHNSON and Legion Indemnity Company.
No. 1999 WC 0808-R.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1229 B. Frank Davis, Howard B. Kaplan, Metairie, for Relators Defendants Leonard Johnson and Legion Indemnity.
Lamar M. Richardson, Mandeville, for Respondent Plaintiff Cleco Corporation.
Before: FOIL, GONZALES and PARRO, JJ.
FOIL, J.
This case comes before us on remand from the Louisiana Supreme Court. In this civil writ application, relators challenge the trial court's denial of their exception of no cause of action and alternative motion for summary judgment. At issue is whether respondent has a cause of action for negligent interference with contractual relations resulting in physical damage. For the reasons that follow, we hold that it does not have a cause of action under the facts of this case.

FACTS AND PROCEDURAL BACKGROUND
This suit arises out of an accident that occurred in Mandeville on October 15, 1997. Leonard Johnson backed a commercial dump truck loaded with sand into a Cleco Corporation utility pole, causing a voltage surge that caused damage to electric appliances in residences in the area. Plaintiff-respondent Cleco, an electric utility company, filed suit for direct damages to its facilities (electric pole$2,197.79), and as legal subrogor for the damages sustained by its customers served by that particular electrical distribution circuit and paid by Cleco ($94,020.45).
Defendants-relators, Leonard Johnson and Legion Indemnity Company (the insurer of the dump truck), filed a peremptory exception of no cause of action or alternative motion for summary judgment. They claimed that Louisiana law does not allow Cleco to recover the amounts paid for damages to its customers' property. Cleco filed a cross motion for summary judgment. The trial court denied the exception and both motions for summary judgment. This writ application ensued.
On January 7, 2000, in docket number 99 CW 0808, this court granted relators' writ application, finding that the trial court erred in denying their exception of no cause of action and alternative motion for summary judgment. We reversed the trial court's judgment and entered judgment in relators' favor, granting the exception and dismissing respondent's suit insofar as it pertains to the claims challenged in the exception. Thereafter, Cleco applied for writs with the Louisiana Supreme Court. On April 28, 2000, in docket number 2000-CC-0389, the supreme court granted the writ application and remanded the case to this court for briefing, argument and opinion.

DISCUSSION
Relators assert that there exists no cause of action in Louisiana for recovery of physical or economic damages arising from negligent interference with contractual relations of a third party. In support of this assertion, relators cite Professional Answering Service, Inc. v. Central Louisiana Electric Co., Inc., 521 So.2d 549 (La.App. 1st Cir.1988). In that case, employees of Crown Zellerbach were cutting trees near a Cleco power substation when one of the *1230 trees fell on a power line, causing a power surge. The power surge, transmitted through Cleco's service lines, resulted in damage to a computerized telephone answering service owned by Professional Answering Service, Inc. Professional Answering Service sued Cleco, which in turn filed a third party demand against Crown Zellerbach, claiming indemnity in the event it should be cast in judgment. Crown Zellerbach filed an exception of no right and/or no cause of action, which the trial court maintained, dismissing Cleco's third party demand against Crown Zellerbach. In affirming that decision, this court observed that the jurisprudence in this state is clear that there is no cause of action for negligent interference with contractual relations resulting in physical damage and economic loss, citing PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La. 1984); Forcum-James Co. v. Duke Transportation Co., 231 La. 953, 93 So.2d 228 (1957); Community Coffee Company, Inc. v. Tri-Parish Construction & Materials Inc., 490 So.2d 1109 (La.App. 1st Cir.1986). This court stated:
Whether the claim is for direct compensation to the plaintiff, indemnity to the third party plaintiff, or contribution to a co-tort feasor, the liability would ultimately rest upon a duty by Crown Zellerbach not to injure the property of Professional Answering Service through its tree cutting operations in connection with the power lines of CLECO. Such a result is not permitted, whether we take the dogmatic approach of Forcum-James or the duty risk approach of PPG Industries and Community Coffee Company.

Professional Answering Service, Inc. v. Central Louisiana Electric Co., Inc., 521 So.2d at 551.
The PPG Industries case cited in Professional Answering Service involved economic damages caused by negligent interference with contractual relations. In that case, Bean Dredging Corporation's dredging operations in the Calcasieu River caused damage to a natural gas pipeline owned by Texaco. As a result, Texaco was unable to fulfill its contractual obligation to supply natural gas to PPG for its plant. PPG sustained economic losses because it had to obtain fuel from another source at an increased cost. In response to PPG's lawsuit, Bean filed an exception of no cause of action, contending PPG had no right of recovery for negligent interference with contractual relations. The supreme court, using a duty-risk analysis, concluded that the economic damages suffered by the contract purchaser of natural gas, caused by a dredging contractor's negligent injury to property that prevents the pipeline owner's performance of the contract to supply natural gas to the purchaser, did not fall within the scope of the protection intended by the law's imposition of a duty on the dredging contractor not to damage pipelines negligently. PPG Industries, Inc. v. Bean Dredging, 447 So.2d at 1059-1060.
The Community Coffee case that was cited in Professional Answering Service involved physical damage caused by negligent interference with contractual relations. There, a crane with a raised boom owned by defendant Tri-Parish was being transported down the river by a tug when it snagged and tore down power lines belonging to Gulf States Utilities Company. A power outage ensued, which caused a roasting machine belonging to Community Coffee to cease operating. As a result, the contents of the machine overheated, caught fire, and damaged the machine. Defendants filed an exception of no cause of action, which the trial court overruled. This court found that the petition stated a cause of action in admiralty, but held that there was no cause of action under Louisiana law. In so deciding, this court noted that it was bound to follow Forcum-James Co. v. Duke Transportation Co., a case that "appears to establish the dogmatic rule that there is no cause of action for tortious (intentional or negligent) interference with contracts." Community Coffee Co., Inc. v. Tri-Parish Construction & *1231 Materials Inc., 490 So.2d at 1113. This court noted that PPG did not per se apply the Forcum-James rule, but reached a Forcum-James result with a duty-risk analysis. Although this court found that PPG was not controlling because it involved economic, as opposed to physical, damage, it noted that the duties involved in both cases were the same; both involved the "duty not to negligently damage property belonging to another." Community Coffee Co., Inc. v. Tri-Parish Construction & Materials Inc., 490 So.2d at 1114 n. 2.
Respondent counters that its claim is not based on interference with contract but rather is a claim for direct physical damages compensable through subrogation. It further argues that the damages sought are within the ambit of foreseeability required by the appropriate legal test. That test, it asserts, is whether there is an ease of association between the duty breached and the damages sustained, citing Roberts v. Benoit, 605 So.2d 1032 (La. 1991).
We do not find respondent's arguments to be persuasive. Rather, we again are compelled to reach the same conclusion as in Professional Answering Service. Respondent argues that case and the cases cited therein have been undermined by more recent jurisprudence. We disagree, finding the jurisprudence cited by respondent to be factually distinguishable. We find that neither Cleco, nor its customers, have a cause of action against the relators for the damages sustained by the customers in this case. Thus, the fact that Cleco is attempting to recover under subrogation is irrelevant. The damages suffered by the customers in this case do not fall within the scope of the duty imposed on the truck driver not to negligently damage Cleco's power lines. Even applying the foreseeability test urged by respondent, we find an insufficient ease of association between the duty breached and the damages sustained.
While there is no cause of action by which Cleco can recover the $94,020.45 it spent repairing its customers' property, it may seek recovery for the direct damages to its own property (the utility pole).[1]
For the above reasons, we conclude that the trial court erred in denying relators' exception of no cause of action and alternative motion for summary judgment. Accordingly, relators' writ application is granted, the trial court judgment denying the exception is hereby reversed, and judgment is rendered in relators' favor, granting the exception of no cause of action and dismissing respondent's suit insofar as it pertains to the claims challenged in the exception.
WRIT GRANTED; REVERSED AND RENDERED.
NOTES
[1] Cleco also argued that under Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La.1993), a partial judgment on an exception of no cause of action should not be rendered to dismiss one theory of recovery. However, La.Code Civ. P. art. 1915, as amended by 1997 La. Acts No. 483, § 2, now allows a partial judgment sustaining an exception of no cause of action. Graf v. Jim Walter Homes, Inc., 97-1143 (La.App. 1 Cir. 5/15/98), 713 So.2d 682, 685 n. 2.